IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AGREX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:24-cv-16-ECM |
| ) | |
| OSCAR HAMILTON, doing ) | |
| business as Hamilton Farms, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

In 2021, Plaintiff Agrex, Inc. ("Agrex") and Defendant Oscar Hamilton, doing business as Hamilton Farms ("Hamilton"), entered into three contracts in which Hamilton agreed to deliver corn to Agrex. Under the contracts, Agrex and Hamilton agreed to arbitrate any disputes that might arise. Hamilton failed to deliver the corn and Agrex initiated arbitration proceedings, seeking damages. After Hamilton failed to participate in the arbitration process, the arbitrator entered default judgment against him, awarding Agrex $114,620. Hamilton did not pay Agrex the damages in accordance with the award.

Agrex then initiated this action under Section 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), seeking a final judgment confirming the arbitration award of $114,620. Perhaps unsurprisingly, Hamilton forwent participating here, and the Clerk of the Court entered default against him on April 9, 2024. Agrex then moved for default judgment. That motion, now pending, is due to be granted.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).[1]  A complaint is "well-pleaded" when it satisfies the requirements set

---

[1] The Court here, and elsewhere in the opinion, cites to non-binding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

2

out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

The court may, but is not required to, hold a hearing before entering a default judgment. Further, "[g]iven its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366.

### IV. FACTS[2]

#### A. Factual Background

In January 2021, Hamilton agreed to sell and deliver corn to Agrex, "FOB Florala, AL."[3] (Docs. 1 at 3; 1-1 at 3–4). The parties then entered into two more contracts in March 2021. (Docs. 1 at 3; 1-1 at 5–8). All three contracts "provided for resolution of disputes pursuant to [the National Grain and Feed Association ("NGFA")] Arbitration Rules." (Doc. 1 at 3). Each contract also stated that it was "governed by the Federal Arbitration Act, 9 United States Code §§ 1–16." (Doc. 1-1 at 4, 6, 8). After Hamilton failed to deliver the corn, Agrex filed a complaint with NGFA in September 2022, alleging damages of $114,620 for Hamilton's breach of the contracts. (Docs. 1 at 3; 1-1 at 1–2).

---

[2] This recitation of the facts is based on Agrex's complaint (doc. 1), the exhibits incorporated into its complaint (docs. 1-1–1-5), and the affidavits and exhibit submitted with Agrex's motion for default judgment (doc. 9), which the Court can consider without converting Agrex's motion into a motion for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). So long as the documents are "(1) central to the plaintiff's claim and (2) undisputed," meaning "the authenticity of the document[s] [are] not challenged," the Court can rely on the affidavits and exhibit in this context. *Id.*

[3] "FOB" is an acronym that stands for "free on board." It is a shipping term used to indicate when liability and ownership transfers from the seller to the buyer. With FOB shipping, the buyer pays for shipping costs and can file for any damages incurred during shipping.

Over the next five months, NGFA sought to contact Hamilton to proceed with the arbitration. NGFA sent Hamilton copies of the complaint and subject contracts (doc. 1 at 3–4), the arbitration services contract—which required Hamilton's signature—and an accompanying notice (*id.* at 4), and a follow-up letter requesting Hamilton's signature on the arbitration services contract (*id.*). All three mailings were confirmed delivered to Hamilton. (*Id.* at 3). Later, Hamilton telephoned NGFA to inquire about the arbitration process (*id.* at 4), after which NGFA resent all prior correspondence to Hamilton (*id.*).

Some three months later, on May 19, 2023, NGFA sent Hamilton another notice. (*Id.*). This notice, which was confirmed delivered, detailed the default judgment rules included in the NGFA Arbitration Rules. (*Id.*). It also explicitly informed Hamilton that such notice was the "last attempt to elicit a response" and that a "default judgment may be entered." (*Id.*). Five days later, Hamilton telephoned NGFA and "again requested that all prior correspondence be sent." (*Id.* at 5). NGFA complied with Hamilton's request, and the correspondence was confirmed delivered. (*Id.*). Hamilton failed to respond to this final correspondence. In an arbitration decision dated September 15, 2024, NGFA entered default judgment against Hamilton, awarding Agrex its requested damages of $114,620. (*Id.*). Both Agrex and Hamilton received copies of the decision through the mail. (*Id.*). Hamilton, who failed to appeal, did not comply with the award. (*Id.*).

B. **Procedural Background**

Agrex filed this action on January 17, 2024, under Section 9 of the FAA, requesting "an order of final judgment confirming the arbitration award . . . in the amount of $114,620.00 with interest accruing at the applicable rate." (Doc. 1 at 7). Shortly after,

4

Hamilton was served (doc. 6), and when Hamilton failed to file a responsive pleading by the procedural deadline, Agrex applied to the Clerk of the Court for an entry of default against Hamilton (doc. 7).  The Clerk then entered default against Hamilton on April 9, 2024. (Doc. 8).  Agrex filed the pending motion the same day, simultaneously serving it on Hamilton. (Doc. 9 at 4).  Ten days later, the Court ordered Hamilton to show cause why Agrex's motion for default judgment should not be granted. (Doc. 11).  Despite a signed and returned receipt card showing service to an individual at Hamilton's listed address (doc. 12), Hamilton did not comply with the order.  To date, Hamilton has not participated in the litigation.

## V.  DISCUSSION

Per the Clerk's entry of default, Hamilton has admitted to all Agrex's well-pleaded allegations. *See Giovanno*, 804 F.3d at 1366.  Consequently, so long as Agrex's motion for default judgment presents "a sufficient basis in the pleadings for the judgment entered," default judgment against Hamilton should follow. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

Agrex brings one claim—Count One—in which it seeks "an order of final judgment confirming the arbitration award in favor of [] Agrex." (Doc. 1 at 7).  It brings Count One pursuant to Section 9 of the FAA, which allows for any party to an arbitration to apply to a court for an order confirming an arbitration award within one year of the award's creation.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

9 U.S.C. § 9.  When a party applies to a court seeking a confirmation order, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." *Id.*

Here, the well-pleaded allegations of Agrex's complaint and attached documents adequately establish the basis for a default judgment on such claim.  Agrex's complaint sufficiently alleges that Hamilton entered into three contracts with Agrex to deliver corn, did not deliver that corn, defaulted in the resultant contractual arbitration proceedings, and then failed to pay Agrex the $114,620 damages required by the arbitration award.  Agrex's allegations further state that the arbitration award was rendered within one year of filing this action, and that the award has not been vacated or modified.  Moreover, the Court sees no reason to question the validity of the award.  These allegations, all of which are deemed admitted and supported by the documents attached to Agrex's complaint, establish that Agrex is entitled to default judgment and an order confirming the arbitration award.

Having determined that default judgment against Hamilton is appropriate, the Court now turns to damages.  Agrex "seeks the entry of a final default judgment confirming the Arbitration Award in the same amount of the Arbitration Award of $114,620, plus taxable costs of the filing fee in this matter of $405.00, plus post judgment interest at the federal statutory rate in accordance with 28 U.S.C. § 1961."  (Doc. 9 at 7).  Because Agrex has sufficiently established that the arbitration award granted it $114,620, the Court finds that no evidentiary hearing is needed to determine that $114,620 is an appropriate amount of damages in this case.  Accordingly, Agrex is entitled to a default judgment for that amount.

## VI.  CONCLUSION

For the reasons stated and upon consideration of the record as a whole, it is

ORDERED that Agrex's motion (doc. 9) is GRANTED and judgment will be entered in favor of Agrex and against Hamilton in the amount of $114,620 plus interest on the judgment at the applicable statutory rate.

The Clerk of Court is DIRECTED to mail this Memorandum Opinion and Order and the Final Judgment to the address reflected on the docket for Hamilton.

A final judgment will be entered in accordance with the Court's Order.

DONE this 25th day of June, 2024.

       /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE